Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Paul E. Plunkett | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3110 | **DATE** | 5/31/2001 |
| **CASE TITLE** | ROBERT A. KELLY, et al vs. LAFAYETTE CARTHON, JR. | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Plaintiffs' motion to dismiss Carthon's counterclaim is granted. To the extent Carthon attempted to assert a claim for violation of the Illinois Rules of Professional Responsibility, that claim is dismissed with prejudice. To the extent Carthon attempted to state a claim for abuse of process, that claim is dismissed without prejudice. Carthon has fourteen days from the date of this Memorandum Opinion and Order to amend his counterclaim, if he can do so and comply with Rule 11.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | **Document Number** |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JUN - 4 2001 date docketed | |
| | Notified counsel by telephone. | | 46 |
| ✓ | Docketing to mail notices. | ED-7 FILED FOR DOCKETING | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | 01 JUN -1 AM 11: 53 | date mailed notice |
| TBK | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DOCKETED
JUN - 4 2001

| | |
|---|---|
| ROBERT A. KELLY p/k/a R. KELLY and BASS PRODUCTIONS, LTD., an Illinois Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> LAFAYETTE CARTHON, JR., <br><br> Defendant. | No. 00 C 3110 <br> Paul E. Plunkett, Senior Judge |

## MEMORANDUM OPINION AND ORDER

The case is before the Court on plaintiff's Federal Rule of Civil Procedure ("Rule") 12(b)(6) motion to dismiss defendant's counterclaim. For the reasons set forth below, the motion is granted.

### Facts

On March 10, 2000, a lawyer representing Kelly wrote a letter to defendant demanding that he "relinquish all rights in the unreleased recording" that is the subject of this lawsuit. (Countercl., Ex. 1 at 2.) Among other things, the letter says that: (1) Kelly's lawyers "have been asked to pursue [the matter] civilly and criminally" and "to enforce R. Kelly's rights to the fullest extent of the law" (id. at 1, 2); (2) any exploitation by Carthon of the "unreleased recording . . . will violate both state and federal laws" (id. at 2); (3) Carthon's "actions to date have criminal implications" (id.); and (4) Carthon's failure to relinquish all rights in the recording would "have irrevocable consequences," as Kelly's lawyers would immediately seek injunctive relief (id. at 2). Carthon did not comply with



Kelly's demands and, on April 24, 2000, plaintiffs filed suit against him in Illinois state court. (See Notice of Removal; Countercl. ¶ 8.)

In his counterclaim, Carthon alleges that plaintiffs' lawyers violated Rule 1.2(e) of the Illinois Rules of Professional Responsibility when they sent the March 10, 2000 letter to him and that plaintiffs are responsible for that breach. (Countercl. ¶¶ 9-10.) He also alleges that the letter constituted an abuse of process actionable under Illinois law. (Id. ¶¶ 11-12.)

## The Legal Standard

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. Midwest Grinding Co. v. Spitz, 976 F.2d 1016, 1019 (7th Cir. 1992). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

## Discussion

If Carthon attempted to state a claim against Kelly[1] for his lawyer's alleged breach of the Illinois Rules of Professional Conduct, that attempt failed. The Illinois Rules of Professional Conduct apply solely to lawyers. See ILLINOIS RULES OF PROF'L CONDUCT, Preamble ("To achieve these ends, *the practice of law* is regulated by the following rules.") (emphasis added). Indeed, Rule

---

[1] In his counterclaim, Carthon alleges that the March 10, 2000 letter was signed by an attorney "on behalf of Plaintiffs-counterdefendants." (Countercl. ¶ 3.) In fact, the letter states that it is written on behalf of plaintiff Kelly and says nothing about plaintiff Bass Productions, Ltd. (Id., Ex. 1 at 1.)

2

1.2(e), on which Carthon relies, states: "A lawyer shall not present, participate in presenting, or threaten to present criminal charges or professional disciplinary actions to obtain an advantage in a civil matter." "[T]he [Illinois] rules of legal ethics do not establish a separate duty or cause of action" and "are not an independent font of tort liability." Nagy v. Beckley, 218 Ill. App. 3d 875, 879, 881, 578 N.E.2d 1134, 1136, 1138 (1st Dist 1991); see Scheib v. Grant, 22 F.3d 149, 156 (7th Cir. 1994) (noting that "there is no professional responsibility tort in Illinois") (internal quotation marks and citation omitted). Thus, Carthon cannot sue Kelly's lawyers directly, or Kelly under agency theory, for the alleged ethical violation. To the extent Carthon's counterclaim seeks to impose liability on Kelly for his lawyers' alleged breach of the Rules of Professional Conduct, it is dismissed.

Carthon's counterclaim fares no better under an abuse of process theory. To state a claim for this tort, Carthon must allege: (1) that plaintiffs took "some act in the use of the legal process not proper in the regular prosecution of such proceedings"; and (2) that they did so with "an ulterior purpose or motive." Kirchner v. Greene, 294 Ill. App.3d 672, 683, 691 N.E.2d 107, 116 (1st Dist. 1998). In this context, the term "process" is defined as "'any means used *by the court* to acquire or exercise jurisdiction over a person or specific property.'" Id., 294 Ill. App. 3d at 684, 691 N.E.2d at 117 (quoting Arora v. Chui, 279 Ill. App. 3d 321, 331, 664 N.E.2d 1101, 1108 (2d Dist. 1996)) (emphasis in original). Abuse of process claims grounded in actions that fall outside of this narrow definition must be dismissed. See id. (dismissing abuse of process claim based on agency investigation triggered by newspaper articles); Holiday Magic, Inc. v. Scott, 4 Ill. App. 3d 962, 967-69, 282 N.E.2d 452, 456-58 (Dist. 1972) (dismissing abuse of process claim based on press releases issued during litigation). The March 10, 2000 letter, which was sent to Carthon more than a month

before this suit was filed, does not fall within the definition of process. Thus, his abuse of process claim must be dismissed.

To escape this conclusion, Carthon relies on In re TCI, Ltd., 769 F.2d 441 (7th Cir. 1985), in which the court noted: "A lawyer who pursues a plausible claim because of the costs the suit will impose on the other side, instead of the potential recovery on the claim, is engaged in abuse of process." Id. at 445; see Worldcom, Inc. v. Transcend Allegiance, Inc., No. 97 C 6150, 1998 WL 111636, at *4 (N.D. Ill. Mar. 6, 1998) (denying motion to dismiss abuse of process claim based on litigation conduct allegedly designed to increase defense costs). Carthon argues that plaintiffs have taken various acts "during the litigation which serve[] no purpose other than to harass Defendant Carthon personally and financially," and thus, he has a viable abuse of process claim. (Def.'s Resp. Pls.' Mot. Dismiss Countercl. at 8.)

Though Carthon *argues* that plaintiffs have improperly prosecuted this case, that is not what he has alleged. In his counterclaim, Carthon simply alleges that Kelly's lawyer sent him the March 10, 2000 letter (Countercl. ¶¶ 1-7), that Kelly subsequently filed this suit in bad faith (id. ¶¶ 8, 11) and that the lawsuit "has caused [Carthon] to incur fees and costs" (id. ¶ 12). Filing a lawsuit, however, "even with a malicious intent or motive, does not itself constitute an abuse of process." Holiday Magic, 4 Ill. App.3d at 967, 282 N.E.2d at 456. Rather, Carthon must allege some "post-filing misuse of the legal process" to state a claim for this tort. Worldcom, 1998 WL 111636, at *4. He has not. Consequently, this claim must be dismissed.

The dismissal is without prejudice, however, because it is conceivable that Carthon could amend his counterclaim to state a viable abuse of process claim. But we advise Carthon to proceed with caution. Any amended counterclaim must allege bona fide abuses of the legal process, not

4

legitimate, strategic decisions, like plaintiffs' decision to sue in Illinois, rather than Carthon's home state of Ohio, that inconvenience or disadvantage Carthon. Any amended counterclaim must also comply with Rule 11. If Carthon or his attorneys disregard their Rule 11 obligations and file an amended counterclaim that is not well grounded in fact or law, we will not hesitate to impose sanctions on them.

### Conclusion

For the reasons set forth above, plaintiffs' motion to dismiss Carthon's counterclaim is granted. To the extent Carthon attempted to assert a claim for violation of the Illinois Rules of Professional Responsibility, that claim is dismissed with prejudice. To the extent Carthon attempted to state a claim for abuse of process, that claim is dismissed without prejudice. Carthon has fourteen days from the date of this Memorandum Opinion and Order to amend his counterclaim, if he can do so and comply with Rule 11.

**ENTER:**

_____
**UNITED STATES DISTRICT JUDGE**

DATED: 5-31-01